


# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

PLAINTIFF 1, IN HIS CAPACITY AS
LEGAL GUARDIAN AND NATURAL PARENT OF
JOHN DOE, AND PLAINTIFF 2, IN HER
CAPACITY AS LEGAL GUARDIAN AND
NATURAL PARENT OF JOHN DOE,

    Plaintiffs,

v.                                                      Case No. 5:07cv194/RS/EMT

WASHINGTON COUNTY SCHOOL BOARD,

    Defendant.
_____/

## STIPULATED PROTECTIVE/CONFIDENTIALITY ORDER

    This matter came before the Court on the parties' stipulated motion for entry of a confidentiality order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled.

    Plaintiffs seek discovery of documents and information from Defendant regarding Defendant's employment of and complaints regarding former employees of Defendant, but Defendant contends that pursuant to Sections 110.1127, and 1002.22, Fla. Stat., documents and information regarding the security screening of former employees and educational records of former and current students of the School Board are confidential.

    Upon due consideration and by stipulation of the parties,

It is hereby **ORDERED**:

    1.    <u>Authorization for Limited Disclosure</u>.  Defendant is hereby authorized to disclose during discovery and trial herein (as set forth in more detail below) documents and information within the scope of Section 110.1127, and 1002.22, Florida Statutes (including but not limited to documents identified in paragraph 2 above) relating to the security screening of a former employee, whose alleged conduct forms the basis for this action and educational records of former and current students of the School Board that are confidential. This authorization does not affect other privileges or confidentiality provisions that may apply to said documents and information.

    2.    <u>Non-disclosure of Stamped Confidential Documents</u>.  Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided, no stamped confidential document may be disclosed to any person.  A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER IN CASE NO. 5:07 CV194-RS-EMT, UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF FLORIDA" to signify that it contains information believed to be subject to protection.  For purpose of this order, the term "document" means all written, recorded, or graphic material, whether produced pursuant to Federal Rule 34, subpoena, by agreement, or otherwise.  Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

    3.    <u>Permissible Disclosures</u>. Notwithstanding paragraph 2, stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation and to the partners, associates, secretaries, paralegal

assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this proceeding; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). Such documents may also be disclosed:

    (a)    to any person designated by the court in the interest of justice, upon such terms as the court may deem proper; and

    (b)    to the Plaintiffs and current or former employees or agents of the Defendant to the extent reasonably necessary in connection with the litigation; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed and provided to counsel making the disclosure a form containing:

    (1)    a recital that the signatory has read and understands this order;

    (2)    a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of court; and

    (3)    a statement that the signatory consents to the exercise of personal jurisdiction by this court.

    4.    <u>Declassification</u>. A party (or aggrieved entity permitted by the court to intervene for such purpose) may apply to the court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the

proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

     5.    <u>Confidential Information in Depositions</u>.

        (a)    A deponent may during the deposition be shown, and examined about, stamped confidential documents. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 3(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this order before being examined about, confidential documents.

        (b)    No portion of a deposition transcript will be treated as a stamped confidential document under this order unless a party or deponent so requests on the record at the deposition.

        (c)    If any party or deponent so requests on the record during a deposition, parties (and deponents) may, within five (5) days after receiving a transcript of the deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential — Subject to protection pursuant to court order." Until expiration of the five-day period, the entire deposition will be treated as subject to protection against disclosure under this agreement. If no party or deponent timely designates confidential information in a deposition, none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions not so marked.

     6.    <u>Confidential Information at Trial</u>. Subject to the applicable rules of evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing. Any party may move the court for an order that evidence be excluded or received in camera or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue

to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

      7.    <u>Subpoena by Other Courts or Agencies</u>.  If another court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

      8.    <u>Filing</u>.  Stamped confidential documents need not be filed with the Clerk except when required in connection with motions or other matters pending before the court.  If filed, they shall be filed under seal and shall remain sealed while in the clerk's office so long as they retain their status as stamped confidential documents.

      9.    <u>Client Consultation</u>.  Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except in accordance with paragraph 3.

      10.    <u>Use</u>.  Persons obtaining access to stamped confidential documents under this order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings.

      11.    <u>Non-Termination</u>.  The provisions of this order shall not terminate at the conclusion of this action.  Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person which produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed.  All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

12. <u>Modification Permitted</u>. Nothing in this order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

13. <u>Responsibility of Attorneys</u>. The attorneys of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in court under seal.

**DONE AND ORDERED** this 13th day of February 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**